(31 Misc. Rep. 731.)

### BLACKETT v. PLATT.

(Supreme Court, Appellate Term. June 13, 1900.)

ACTION FOR WAGES—PAYMENT—EVIDENCE.

In an action by an employé for an unpaid balance of wages, which was deducted to discharge a claim of his employer against him, his receipt in full for his wages is insufficient to show payment, where he was given only the balance after deducting the claim, and accepted it under protest.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Alfred C. Blackett against Thomas C. Platt, as president of the United States Express Company. From a judgment dismissing his complaint, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Charles H. Smith, for appellant.
Walter F. Wood, for respondent.

PER CURIAM. The plaintiff sues to recover the sum of $50 for an unpaid balance of wages which he alleges the defendant owes him for services as driver of an express wagon, rendered during a period of 10 months. It appears that the plaintiff during the period above mentioned, and for some time prior thereto, had been in the service of the defendant in the above-mentioned capacity, at a monthly wage of $45. A question arose as to the delivery of a package by the plaintiff. The latter claimed that the goods had been delivered by him; the consignee contended that he had not received them. The company instituted an inquiry, and, upon evidence apparently satisfactory to its officers, recognized its liability for the lost package, and paid the sum of $50 to the consignee therefor. It further determined for itself that the plaintiff was liable for the loss, and for the discharge of the amount thus claimed directions were accordingly given to the officer who had charge of its pay rolls to deduct $5 a month from the wages of the plaintiff until the sum of $50 had been realized therefrom. The plaintiff on every pay day was presented with the pay roll, and required first to receipt for the full amount of his wages, and was then given only the difference between that amount and a proportionate part of the $50 which the company claimed he owed it under the circumstances above mentioned. Upon the trial all of these receipts were put in evidence, and it was claimed that they were evidences of payment which con-

stituted a complete defense to the action. It was also claimed that the plaintiff had consented to the deductions which had thus been made. But there is no evidence of any such consent beyond the inference which is sought to be drawn from the fact that the plaintiff continued to receipt for the larger, and to accept the smaller, sum on every pay day for 10 months. The plaintiff himself testifies that he did object to having his pay docked in this fashion, and protested against it, but that he was constrained to give the receipts, and to submit to the shortness in his pay, owing to his necessities. Obviously, then, the money claimed by the plaintiff was never paid to him by the defendant, and assuming that payment, although not specially pleaded, might still be shown under the pleadings as they stand, the proof is wanting to establish it. Certainly the receipts signed by the plaintiff are not conclusive, and, having been indisputably shown to be untrue so far as the claim in suit is concerned, they are without probative force. Had the full amount been paid in the hands of the plaintiff, and if he then had voluntarily paid back to the company the amount which it was claimed that he owed, a different situation would have been presented. But this was not done. If it be urged that the acceptance and retention of the lesser amount by the plaintiff might, under the circumstances, be regarded as an accord and satisfaction, the answer to that is that no such defense has been pleaded. Nor, under the pleadings, was the company entitled to litigate the question whether the plaintiff was or was not responsible for the lost package. To be sure, an attempt was made to do this, but the evidence was mostly hearsay, and while, doubtless, sufficient to satisfy the company of the plaintiff's responsibility in the matter, it falls short of the standard of legal proof essential to support a judicial finding against the plaintiff. Upon the proofs bearing upon the issues raised by the pleadings, the plaintiff was entitled to judgment, and the trial justice erred in dismissing the complaint. The judgment must accordingly be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.